# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Employee Resource Group, LLC and Dawn Wiley,**
**Defendants Below, Petitioners**

**vs) No. 16-0150** (Boone County 15-C-17)

**Brandi Adkins,**
**Plaintiff Below, Respondent**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Employee Resource Group, LLC ("ERG") and Dawn Wiley, by counsel Bradley K. Shafer, appeal the January 19, 2016, order of the Circuit Court of Boone County denying petitioners' motion to enforce an arbitration agreement. Respondent Brandi Adkins, by counsel Paul Frampton, Jr., and Matthew Hatfield, filed a summary response in support of the circuit court's order. Petitioners argue that the circuit court erred in failing to find that an enforceable arbitration agreement existed between the parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court did not err with respect to its denial of petitioners' motion to enforce arbitration agreement. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, respondent began working for ERG as a general laborer at the Wendy's restaurant in Danville, West Virginia.[1] During the course of her employment, respondent experienced physical problems due to various disabling medical conditions and missed work. On July 5, 2014, respondent's employment with ERG was terminated.

On January 28, 2015, respondent filed, in the Circuit Court of Boone County, a complaint against petitioners. In her complaint, respondent alleged that her employment was "willfully, maliciously and unlawfully" terminated in violation of West Virginia Code § 5-11-9, the West Virginia Human Rights Act. In their answer, petitioners sought to dismiss respondent's complaint and filed a motion to enforce arbitration.

In their motion, petitioners argued that ERG had an alternative dispute resolution program that applied to all employees and required the mandatory arbitration of workplace disputes. Petitioners stated that all new hires of ERG (including respondent) were provided with

---

[1]Petitioner Dawn Wiley was respondent's supervisor during the tenure of her employment with ERG.

1

various documents to review and sign upon the inception of their employment. One of those documents was Dispute Resolution Program Handbook, which included the mandatory arbitration agreement.[2] However, petitioners acknowledged that they could not locate the copy of the agreement signed by respondent.

In support of their motion, petitioners presented an affidavit from ERG's Director of Human Resources.[3] While the affidavit details the usual procedures implemented by ERG when a new employee is hired (including the employee's endorsement of an arbitration agreement), the affidavit contained no specific information as to whether the arbitration agreement was actually signed by respondent herein. The affidavit further referenced a "Human Resources Information Center" poster (approximately 3 feet by 4 feet in size) hanging in the Danville Wendy's restaurant that outlined the dispute resolution program and noted that the program was the "mandatory, exclusive process for resolution of problems in this Company." Petitioners argued that the arbitration agreement and poster show the existence of a contract between the parties herein to resolve their legal claims or disputes through binding arbitration. Conversely, respondent contends that she never signed any agreement to arbitrate any claims against petitioners and was never informed of the existence of any such agreement.

Following a hearing, the circuit court, by order entered January 19, 2006, denied petitioners' motion to enforce arbitration and found that no enforceable arbitration agreement existed between the parties. Specifically, the circuit court noted that petitioners failed to introduce any evidence, specific to respondent, to indicate that she agreed to arbitrate her claims. It is from the circuit court's January 19, 2016, order that petitioners now appeal.

"An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance Corp., v. Front*, 231 W.Va. 518, 745 S.E.2d 556. We have further held that "[w]hen an appeal from an order denying a motion to dismiss is properly before this Court, our review is *de novo*." *Evans v. Bayles*, 237 W.Va. 269, --, 787 S.E.2d 540, 543 (2016) (citing Syl. Pt. 4, *Ewing [v. Bd. of Educ.]*, 202 W.Va. 228, 503 S.E.2d 541 [(1998)] ("When a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*.")

The sole issue raised by petitioners on appeal is whether the circuit court erred in denying their motion to enforce arbitration. We have held that

> [w]hen a trial court is required to rule upon a motion to compel arbitration

---

[2]The mandatory arbitration agreement language read as follows: "I hereby acknowledge that I received a copy of the Company's Dispute Resolution Program Booklet effective April 1, 2005 and a copy of Theresa Johnson's letter of February 9, 2005. I understand and agree that the Dispute Resolution Program shall apply to me."

[3]The affidavit states, in pertinent part, that as a condition of employment at ERG, all employees are required to sign an arbitration agreement.

2

> . . . the authority of the trial court is limited to determining the threshold issue of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement.

Syl. Pt. 3, in part, *Schumacher Homes of Circleville, Inc., v. Spencer*, 237 W. Va. 379, 787 S.E.2d 650 (citing Syl. Pt. 2, *State ex rel. TD Ameritrade, Inc., v. Kaufman*, 225 W. Va. 250, 692 S.E.2d 293 (2010)).

In the instant case, while petitioners acknowledge that they are unable to locate the copy of the arbitration agreement that was allegedly signed by respondent, they argue that respondent's signature on such agreement was unnecessary. Petitioners contend that respondent's employment was "proof in and of itself that [she] agreed to arbitration," as the arbitration agreement was a "mandatory requirement" of her continued employment with ERG. Conversely, respondent argues that she had no knowledge of the arbitration agreement and that respondents' evidence about what occurred in the normal course of events (as noted in the affidavit of ERG's Human Resources Director) was insufficient in establishing that "a valid, enforceable contract of arbitration was entered into by the parties."

Based upon our review of the record herein and the limited circumstances of this case, we find that the petitioners failed to establish that a valid arbitration agreement exists between the parties. We have previously held that "[t]he proponent of a lost or missing instrument must prove its existence and contents with clear and convincing evidence." Syl. Pt. 2, *Estate of Bossio v. Bossio*, 237 W. Va. 130, 785 S.E.2d 836 (2016). While we note that petitioners proffered documentation as to what allegedly occurs in the normal course of their business transactions, they failed to offer any direct evidence that respondent actually executed or had knowledge of the arbitration agreement at issue. In the affidavit presented by petitioners, their representative did not allege that he had personal knowledge that respondent was presented with the arbitration agreement or even that she had direct knowledge of the same. Rather, petitioners asked the circuit court to simply assume what petitioners' representative states was done with new employees was actually done with respect to respondent. Such was insufficient to meet petitioners' burden of proof. Accordingly, we find that the circuit court did err in denying petitioners' motion to enforce arbitration agreement.

For the foregoing reasons, we affirm the circuit court's January 19, 2016, order denying petitioners' motion to compel arbitration.

Affirmed.

**ISSUED:** November 18, 2016

3

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II